IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Akeem C. Mason,** )<br>**Plaintiff,** )<br> )<br>v. )<br> )<br>**Ashley Murphy,** *et al.***,** )<br>**Defendants.** ) | Case No. 1:24cv1450 (RDA/WEF) |

## MEMORANDUM OPINION AND ORDER

Akeem C. Mason, a Virginia inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was detained at the Meherrin River Regional Jail—Alberta Facility ("MRJ"). Dkt. No. 1. He alleges that defendants Ashley Murphy, Officer, Capt. John Lucy, and Maj. Brent Wright violated his rights with regard to the alleged improper opening of his legal mail. *Id.* at 4. Because plaintiff is a prisoner, his complaint must be screened to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

### I. Standard of Review

Pursuant to § 1915A, a court must dismiss claims based upon "'an indisputably meritless legal theory,'" or where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp.

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In order to screen a complaint, it must present a coherent, comprehensible, and intelligible document. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*

*v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. Complaint

The complaint alleges that on July 22, 2024, Defendant Murphy called Plaintiff to pick up legal mail from the United States District Court. Plaintiff refused to sign for "legal mail from the United States District Court to be opened or shredded Officer Ashley Murphy because" he had pending litigation against Murphy in this Court, No. 1:23cv1424. Dkt. No. 1 at 4. Murphy then opened the legal mail outside of Mason's presence, with Sgt. Gil as a witness, copied the legal mail, then shredded the original instead of returning it to the sender.[2] *Id.* When Murphy brought the copy of the legal mail to Plaintiff, it was "clearly missing" pages, as evident from the page numbers printed at the bottom of each page. *Id.* Plaintiff alleges that he immediately reported the incident and asked that the camera footage be reviewed. Defendant Lucy answered Plaintiff's grievance and Defendant Wright responded to Plaintiff's appeal. *Id.* The complaint alleges the defendants violated Plaintiff's First and Fourth Amendment rights, and caused him to suffer cruel and unusual punishment. *Id.*

## III. Analysis

A § 1983 complaint must allege facts indicating that the plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted

---

[2] Plaintiff alleges that he had a pending civil action against Defendant Murphy at the time of this incident on July 22, 2024, *Mason v. Murphy*, No. 1:23cv1424. The records of this Court establish that *Mason*, No. 1:23cv1424 was dismissed with prejudice on April 8, 2024. *Id.*, (Dkt. 9).

from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010); *see Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *see also Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in § 1983 cases between named defendant and claimed injury).

Here, Plaintiff alleges that the opening of his mail outside his presence somehow impacted his right of access to the courts (First Amendment), his Fourth Amendment rights (seizure and destruction of the mail), and Cruel and Unusual punishment. His allegations do not state a claim upon which relief can be granted.

Despite Plaintiff's assertions, "prison officials may open incoming legal mail to inspect it for contraband." *Jones v. Mail Room Staff*, 74 F. App'x 418, 419 (5th Cir. 2003) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993)). Plaintiff also did not allege that he was prejudiced in any way by the defendant allegedly opening his legal mail. *Jones*, 74 F. App'x at 419 (citing *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996)); *see, e.g., Lewis v. Cook County Bd. of Com'rs*, 6 F. App'x 428, 430 (7th Cir. 2001) (affirming dismissal of First Amendment claim where prisoner "did not describe a single legal case or claim that was in any way thwarted because the mail room staff opened his legal mail."). To make out a *prima facie* case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also*

4

*White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989); *see Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library).[3] Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." *Jackson v. Wiley*, 352 F. Supp. 2d 666, 679-80 (E.D. Va. 2004).

In addition, the defendants did not simply open the alleged legal mail, they notified Mason that he had legal mail and he was present with Defendant Murphy who asked him to sign a form accepting the legal mail and Mason refused. Dkt. No. 1 at 4. Thereafter, as witnessed by Sgt. Gill, the alleged legal mail (a court order) was opened, copied, and the original shredded. When Mason complained that pages were missing, defendant Murphy went to an online data base and printed off a copy of the same order and provided it to Plaintiff.[4]

Importantly, Plaintiff alleges interference with mail from this Court he received on July 22, 2024. "'Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail.'" *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended on denial of reh'g*, 135 F.3d 1318

---

[3] To the extent Plaintiff is asserting a "free speech claim," he has not stated a claim upon which relief can be granted because the jail has a legitimate right to inspect incoming mail for contraband. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (inmate "failed to state a cognizable free speech claim. In light of the fact that a jail has a legitimate security interest in opening and inspecting incoming mail for contraband," and an "allegation that his incoming legal mail was opened and read but not censored does not rise to the level of a constitutional violation") (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413-414 (1989); *Turner v. Safley*, 482 U.S. 78, 91-92 (1987); *Brewer*, 3 F.3d at 825).

[4] In reviewing the records of this Court, a six-page screening Memorandum Opinion and Order was sent to Mason in another of his civil actions, No. 1:24cv69 (Dkt. No. 7), on July 18, 2024. Thereafter, on August 1, 2024, Mason filed a motion for appointment of counsel in 1:24cv69 (Dkt. No. 8), in which he admits that Defendant Murphy printed out a copy of the same screening order from the online docket and provided the copy to him. *Id.* Civil Action No. 1:24cv69 was dismissed without prejudice on September 11, 2024. A copy of the order was sent to Mason, and he did not appeal. Mason, however, on August 14, 2024, had refiled his complaint about the alleged interference with his legal mail on July 22, 2024 in this Court, *Mason v. Murphy*, No. 1:24cv1450, which is the instant action. As evident from the filing of the instant action, Mason has suffered no prejudice with regard to the alleged interference with his legal mail on July 22, 2024, by the same three defendants. Equally clear, the allegation regarding the alleged interference with his legal mail on July 22, 2024, does not state a claim upon which relief can be granted.

(9th Cir. 1998) (quoting *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987) ("With minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files.")).

Another district court within the Easter District has considered a Fourth Amendment claim similar to Plaintiff's, and found it to be frivolous.

> The Supreme Court has explained that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526, (1984) (explaining that "the recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions"). Similarly, an inmate's Fourth Amendment rights are not violated when mail is inspected and opened by jail officials. *See United States v. Kelton*, 791 F.2d 101, 103 (8th Cir. 1986) (citations omitted); *Loiseau v. Norris*, No. 3:10cv870, 2011 WL 4102226, at *3 (E.D. Va. Sept. 14, 2011) (citations omitted) ("Prisoners have no reasonable expectation of privacy to non-privileged mail."); *Hall v. Chester*, No. 08-3235-SAC, 2008 WL 4657279, at *6 (D. Kan. Oct. 20, 2008) ("Prison officials do not violate an inmate's Fourth Amendment rights by inspecting the inmate's legal mail, and are not required to have probable cause to search incoming mail." (citing *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974))). Villafana fails to allege facts that plausibly suggest that Defendant Clarke violated his Fourth Amendment rights when Villafana's mail containing medical records was opened in the mail room.

*Villafana v. Clarke*, No. 3:17CV512, 2018 WL 1569489, *4 (E.D. Va., Mar. 30, 2018), *aff'd*, 738 F. App'x 252 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1450 (2019). In addition, Mason had notice of the legal mail and chose not to sign for it. *See Mullane v. Cen. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) (stating the Due Process Clause "require[s] that deprivation of life, liberty or property . . . be preceded by notice and opportunity for hearing appropriate to the nature of the case").

Lastly, to the extent Mason alleges that any of the Defendants denied him his rights because they answered a grievance or denied the appeal of the grievance, he has also not stated a claim. First, it is clear that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see*

6

*Scott v. Kelly*, 107 F. Supp. 2d 706, 710 (E.D. Va. 2000) ("It is well established that inmates do not have a constitutionally protected right to participate in a prison grievance procedure." (cleaned up)). Second, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Consequently, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (simply "[r]uling against a prisoner does not cause or contribute to the [constitutional] violation"); *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) ("The 'denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.'"") (citation omitted).

Because he is an inmate, and amendment is not necessarily futile, Plaintiff will be allowed to amend his complaint to cure the deficiencies noted herein to state a claim upon which relief could be granted.

Accordingly, it is hereby

**ORDERED** that the complaint is **HEREBY DISMISSED** without prejudice, to allow Plaintiff to file an amended complaint in compliance with the requirements of this order; and it is

**FURTHER ORDERED** that plaintiff particularize and amend his complaint within thirty (30) days of the date of this Order using the enclosed standardized §1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identify each claim he seeks to raise, and (iii) submitting a short, detailed statement of background facts which describes the <u>specific conduct of each defendant</u> whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, where the alleged conduct took place, reallege all the facts

in his original complaint, as well as the remedies sought. Plaintiff must address the deficiencies set forth herein and include his civil action number, **1:24cv1450 (RDA/WEF)**, on the first page of his amended complaint. Plaintiff is advised that **this amended complaint will serve as the sole complaint in this civil action**; and it is

**FURTHER ORDERED** that plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order, a § 1983 form to Plaintiff.

Entered this _28_ day of _March_ 2025

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge